UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST PHELPS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV366 CDP |
| ) | |
| DAPHNE DEMELLO, M.D. ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs have brought this suit for wrongful death, arising out of the death of Mary E. Phelps while under the care of Vincent deMello, M.D. Plaintiffs assert that defendant Daphne deMello, M.D. is liable for negligence for her failure to report that her husband, Vincent deMello was impaired with brain damage and should not have been practicing medicine. Daphne deMello now seeks dismissal of plaintiffs' claims, asserting that she had no duty to Mary Phelps, and plaintiffs seek remand of this case, arguing that Daphne deMello is a citizen of Missouri. Because no duty to control Vincent deMello or report his behavior arose out of Daphne deMello's status as his wife and because plaintiffs have not alleged sufficient facts to support a claim that Daphne deMello had a professional duty to report her husband's incompetence, I will grant Daphne deMello's motion to dismiss. I will also deny defendants' motion to remand because removal of this

action was proper.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiffs. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

In June 2001, Dr. Vincent deMello underwent surgery, and following the surgery, he filed suit against the hospital and others, claiming he was injured as a result of their malpractice. Daphne deMello, M.D. was his wife at the time, and she testified in a deposition that he had suffered brain damage, affecting his memory, his mental acuity and his energy levels, and that his ability to practice medicine had been impaired as a result of his brain damage. Daphne deMello did not inform her husband's employer or the Missouri State Board of Healing Arts

that Vincent deMello was impaired with brain damage. Vincent deMello has since died.

In April 2004, Vincent deMello became Mary Phelps's doctor. He diagnosed her with acute myocardial infarction. Plaintiffs assert that he failed to properly treat her and withheld fundamental medical care. Mary Phelps died on April 6, 2004. Plaintiffs initially brought a suit against Vincent deMello, alleging medical negligence. Plaintiffs have now brought this action, alleging that Daphne deMello's negligence caused Mary Phelps's death.

1. Motion to Dismiss

Under Missouri law, a negligence action requires that the plaintiffs establish: (1) a legal duty on the part of Daphne deMello to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property. Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Products, Inc., 700 S.W.2d 426, 431 (Mo. 1985). Daphne deMello argues that defendants cannot establish the first element, a legal duty on her part, as a matter of law and that this action should be dismissed.

The determination of whether a duty exists is a question of law. Horneyer v. City of Springfield, 98 S.W.3d 637, 641 (Mo. Ct. App. 2003). A duty will not

exist unless it is "foreseeable that the action or omission will cause harm or injury." Id. The determination of whether a duty exists turns on a number of public policy factors including: the social consensus that the interest is worthy of protection, the foreseeability of the harm, the moral blame society attaches to the conduct, the prevention of future harm, the consideration of cost and ability to spread the risk of loss; and the economic burden upon the actor and the community. Hoover's Dairy, 700 S.W.2d at 432. Foreseeability alone is not enough to establish a duty. Burrell ex rel Schatz v. O'Reilly Automotive, Inc., 175 S.W.3d 642, 656 (Mo. Ct. App. 2005) (quoting Stitt v. Raytown Sports Ass'n, Inc., 961 S.W.2d 927, 930 (Mo. Ct. App. 1998)). Instead, "there must also be some right or obligation to control the activity which presents the danger or injury." Id.

Because the harm to Mary Phelps and plaintiffs resulted from the alleged tortious conduct of Vincent deMello, Daphne deMello is only subject to liability if she (1) did the tortious act in concert with the Vincent deMello or pursuant to a common design with him, or (2) knew that Vincent deMello's conduct constituted a breach of duty and gave substantial assistance or encouragement to him so to conduct himself, or (3) gave substantial assistance to Vincent deMello in accomplishing a tortious result and her own conduct, separately considered, constituted a breach of duty to plaintiffs. Shelter Mutual Ins. Co. v. White, 930

S.W.2d 1, 3 (Mo. Ct. App. 1996). Plaintiffs do not allege any of these things. Instead, they argue that her duty to report Vincent deMello's injury arose out of the foreseeability of the injury and her special relationship with Vincent deMello as his wife or her status as a physician.

Missouri does recognize that a duty to take action may exist if the parties are in a "special relationship." Bradley v. Ray, 904 S.W.2d 302, 311 (Mo. Ct. App. 1995). Such a relationship will be imposed where "the law has determined that the interest of the plaintiff which has suffered invasion is entitled to legal protection a the hands of the defendant." Id. Some relationships that have been found to come within this category are innkeeper-guest, common carrier-passenger, school-student, and employer-employee. Id. Generally, the special relationship is between the victim and a third party, not the third party and the tortfeasor. Still, Missouri courts have imposed liability on some physicians for the conduct of their patients, but only where there was a readily identifiable victim prior to the patient's commission of the tort. See Sherrill v. Wilson, 653 S.W.2d 661, 664 (Mo. 1983); see also Virgin v. Hopewell Center, 66 S.W.3d 21, 24 (Mo. Ct. App. 2001).

A wife has no duty to control her spouse or to warn others of his dangerous propensities. A.R.H. v. W.H.S., 876 S.W.2d 687, 690 (Mo. Ct. App. 1994). To

require otherwise would result in an irreconcilable conflict of duties.  Id. (noting that imposing a duty to warn others of a spouse's dangerous propensities could put a spouse in a position of either remaining silent out of a sense of loyalty and incurring civil liability or warning the third party and incurring the spouse's anger, disappointment or shame).  Therefore, Daphne deMello's status as his wife did not give rise to a duty to control her husband or report his alleged deficiencies.

Next, although Daphne deMello is a physician, no allegations existed of a special physician-patient relationship between Daphne deMello and Vincent deMello or between Daphne deMello and plaintiffs.  Plaintiffs have not alleged that Daphne deMello ever treated Vincent deMello for any illness or that she was given any information in the course of treating him that would allow her to identify potential victims of his tortious conduct.  Under Missouri law, physicians do not have a duty to the public at large.  See Sherrill, 635 S.W.2d at 668.

Plaintiffs do not argue that her liability as a physician arose out of her relationship to Vincent deMello, instead, they assert that she was under a duty as a physician to report his impairment to the Missouri Board of Healing Arts and to his employer. Plaintiffs point to Principle II of the American Medical Associations's Principals of Medical Ethics, which state in pertinent part: "A physician shall uphold the standards of professionalism ... and strive to report

physicians deficient ... in competence ..." Still, there is no allegation that Daphne deMello was a member of the American Medical Assocation, nor have plaintiffs pointed to any Missouri law that would indicate that Missouri has adopted this duty.

Plaintiffs have pointed to a couple of Missouri cases that have held physicians liable under the general negligence standard instead of under the medical malpractice standard. See Brown v. Bailey, 210 S.W.3d 397, 404 (Mo. Ct. App. 2006); see also Millard v. Corrado, 14 S.W.3d 42, 44 (Mo. Ct. App. 1999). These cases have no bearing on this case, as they involve instances where the physician's negligence was the direct cause of the injury. Here, plaintiffs acknowledge that the direct cause of the injury was Vincent deMello's behavior; they merely argue that Daphne deMello should have warned of or controlled this behavior because plaintiffs' injury was foreseeable.

Plaintiffs cannot establish that Daphne deMello had a duty to report or control Vincent deMello. No duty arose out of plaintiffs' allegations of her status as his wife or as a physician that would cause her to be liable for his negligence. The foreseeability of the injury alone is not enough to establish a duty to report or control. Because plaintiffs' allegations fail as a matter of law, I will grant Daphne deMello's motion to dismiss.

2. <u>Motion to Remand</u>

Plaintiffs have also filed a motion to remand this case to state court, asserting that Daphne deMello is a Missouri citizen and that removal was improper. Before they filed this motion, I had ordered Daphne deMello to show cause why removal was proper. She has since filed an affidavit and supporting papers that establish that she was a citizen of the state of Arizona at the time of removal and remains so. As a result, I will deny plaintiffs' motion to remand as diversity exists and jurisdiction is proper.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Daphne deMello's motion to dismiss [#5] is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [#11] is denied.

A separate Judgment in accordance with this Memorandum and Order is entered the same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2007.